0IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SCOTT WAYNE MILLER,** | : | **CIVIL ACTION NO. 1:07-CV-1368** |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 30th day of July, 2007, upon consideration of *pro se* plaintiff's motion to proceed *in forma pauperis* (Doc. 2), and the complaint (Doc. 1) brought pursuant to 19 U.S.C. § 1677(7) in which plaintiff alleges that he suffered material injury[1] when customs officers in the port of New York mishandled his property, and it appearing that plaintiff is unable to pay the filing fee in the above-captioned case, see 28 U.S.C. § 1915 ("[A]ny court of the United States may authorize the commencement, prosecution, or defense of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets . . . that the person is unable to pay such fees or give security therefor."), and it appearing that 19 U.S.C. § 1677 and corresponding subtitle set forth countervailing and antidumping duties under the Tariff Act of 1930 and do not

---

[1] Section 1677(7) defines "material injury" generally as "harm which is not inconsequential, immaterial, or unimportant." 19 U.S.C. § 1677(7).

involve the actions of customs officers as alleged in the complaint,[2] it is hereby ORDERED that:

1. The motion to proceed *in forma pauperis* (Doc. 2) is GRANTED.

2. The complaint (Doc. 1) is DISMISSED.  See 28 U.S.C. § 1915(e).

3. Leave to amend is DENIED as futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

4. Any appeal from this order is DEEMED frivolous and not in good faith.  See 28 U.S.C. § 1915(a)(3).

5. The Clerk of Court is directed to CLOSE this case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] Even construing plaintiff's claim liberally as a claim against the United States under the Federal Tort Claims Act ("FTCA") does not save plaintiff's claim. See 28 U.S.C. § 1346(b)(1) ("[T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ."); see also Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004) (stating that *pro se* complaints should be construed liberally)..  Although the FTCA waives the United States' sovereign immunity for certain claims, there are exemptions to this waiver.  For example, "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs" is exempt for this waiver.  Id. § 2680(c).  Therefore, the United States is immune from plaintiff's claim under the FTCA.  See, e.g., Locks v. United States, 759 F. Supp. 1131 (E.D. Pa. 1990) (citing Kosak v. United States, 465 U.S. 848 (1984)); see also Hallock v. United States, 253 F. Supp. 2d 361, 364-68 (N.D.N.Y. 2003).